FORD & HARRISON LLP

2375 East Camelback Road, Suite 500
Phoenix, AZ 85016
Facsimile: (602) 627-3501

Dinita L. James, State Bar No. 25253
Direct Dial: (602) 627-3520
E-mail: djames@fordharrison.com

Christopher M. McFadden, State Bar No. 026308
Direct Dial: (602) 627-3524
E-mail: cmcfadden@fordharrison.com

Attorneys for Defendant Harris Enterprises, LLC

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| LAURA SUICO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FREEPORT-MCMORAN COPPER & GOLD INC., a Delaware corporation; HARRIS ENTERPRISES, L.L.C., d/b/a HOSPITALITY STAFFING SOLUTIONS, an Arizona limited liability corporation; ROBERT WINSLOW and JANE DOE WINSLOW, husband and wife; ABC CORPORATIONS I-X,<br><br>Defendants. | CASE NO. 2:11-cv-02269MHB<br><br>**MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Harris Enterprises, LLC ("Hospitality Staffing"), by and through its undersigned attorneys, hereby moves the Court to dismiss with prejudice Plaintiff Laura Suico's ("Plaintiff") Complaint against Hospitality Staffing for failure to state a claim upon which relief could be granted.

FORD & HARRISON LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed a Complaint in the Superior Court of Arizona, Maricopa County, on or about September 22, 2011. Hospitality Staffing timely consented to removal of the action to this Court on November 22, 2011. The Complaint names three defendants: Freeport-McMoRan Copper & Gold Inc. ("Freeport"), Hospitality Staffing, and Robert Winslow ("Winslow"), an employee of Freeport. Plaintiff purports to state causes of action under Title VII of the Civil Rights Act ("Title VII") as well as claims for negligent retention/ supervision, battery, and intentional infliction of emotional distress.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To show that a plaintiff is entitled to relief, the well-pleaded facts must allow "the court to infer more than the mere possibility of misconduct." *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 668 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Courts do not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Donahoe v. Arpaio*, 2011 U.S. Dist. LEXIS 126512 (D. Ariz. Oct. 28, 2011) (citing *Iqbal*, 129 S. Ct. at 1940). For the numerous reasons detailed below, Plaintiff's allegations fail to support any of her claims against Hospitality Staffing. Thus, the Court must dismiss Plaintiff's Complaint in its entirety against Hospitality Staffing.

FORD & HARRISON LLP

## II. PLAINTIFF'S SEXUAL HARASSMENT CLAIMS ARE BARRED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff's claims against Hospitality Staffing alleging sexual harassment under Title VII (Counts I and II) fail because she did not exhaust her administrative remedies, as required by law. Plaintiff filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission that did not identify Hospitality Staffing as her employer and, in fact, made absolutely no mention of Hospitality Staffing whatsoever. Instead, Plaintiff named only Freeport in her charge and alleged harassment by Freeport's employee, Winslow. *See* Plaintiff's Charge, attached hereto as *Exhibit A*.[1]

A plaintiff may not bring a Title VII claim unless she first exhausts her administrative remedies. 42 U.S.C. § 2000e(f); *Oshilaja v. Watterson*, 2007 U.S. Dist. LEXIS 73616 (D. Ariz. Sept. 30, 2007). This requirement serves several important purposes, such as allowing the EEOC an opportunity to investigate the charge fully. *Brown v. Dep't of Pub. Safety*, 2011 U.S. App. LEXIS 15790 (9th Cir. July 29, 2011). In addition, the procedure encourages the resolution of employment-related disputes without judicial intervention and the burdens and expenses of litigation. *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984) ("Title VII places primary responsibility for disposing of employment discrimination complaints with

---

[1] When considering a motion to dismiss, a court may consider documents not attached to a complaint when authenticity is not in doubt and the complaint necessarily relies on them. *Leon v. Danaher Corp.*, 2011 U.S. Dist. LEXIS 98675 (D. Ariz. June 29, 2011). In addition, the court may consider documents of which it takes judicial notice, including those that are matters of public record, such as EEOC charges. *Id.* Here, the Complaint necessarily relies on the Charge as it alleges that Plaintiff's filing of the Charge satisfied her legal requirements to exhaust administrative remedies under Title VII. (Complaint ¶ 31.)

FORD & HARRISON LLP

the EEOC in order to encourage informal conciliation of employment discrimination claims and foster voluntary compliance with Title VII.").

Perhaps most significantly, the requirement serves "the important purpose[] of giving the charged party notice of the claim." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). To exhaust administrative remedies against a particular defendant, the Ninth Circuit adheres to the "general rule that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990); *see also* 42 U.S.C. § 2000e-5(f)(1) (specifying that an individual may bring an action against a party "named in the charge"); *accord Schafer v. Board of Public Educ. of School Dist.*, 903 F.2d 243, 252 (3d Cir. 1990) ("A Title VII action ordinarily may be brought only against a party previously named in an EEOC action."); *Alvarado v. Board of Trustees*, 848 F.2d 457, 458-459 (4th Cir. 1988) ("The naming requirement serves two purposes, and is not a mere technicality: First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law.").

In this case, Plaintiff filed a discrimination charge against Freeport. She alleged that she "was subjected to sexual harassment by Executive Chef Robert Winslow" and "reported the misconduct to the employer." In the Complaint, Plaintiff correctly alleges that Winslow is an employee of Freeport. (Complaint ¶ 4.) In the Charge, Plaintiff does not allege that she ever complained to Hospitality Staffing, or that Hospitality Staffing

FORD & HARRISON LLP

had any notice of the allegations. In fact, Plaintiff does not imply that Hospitality Staffing engaged in any wrongdoing whatsoever that would require it to defend itself or explore the possibility of resolution.

The allegations in a charge serve as the basis for the scope of the EEOC's investigation and its efforts toward achieving voluntary compliance. This deficient Charge simply did not give Hospitality Staffing any opportunity to respond, participate in the proceeding, or otherwise avoid this litigation. The Charge, therefore, does not satisfy Plaintiff's exhaustion of remedies requirement as to Hospitality Staffing.

While there are limited exceptions to the general rule requiring plaintiffs to name defendants in the EEOC charge before bringing suit against them, none applies here. For instance, the Ninth Circuit has recognized jurisdiction over unnamed individual employees of named entities as well as unnamed agents of named entities where those parties played roles in the events underlying the allegations and should have anticipated being named in a Title VII suit. *See Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984) (finding dismissal of unnamed party improper when it was an agent of the named party and the claims were virtually identical); *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788, 792 (9th Cir 1982) ("Both the EEOC and the doctors should have anticipated that Chung would name in his suit those who denied him the promotions mentioned in the charge.").

Here, however, in addition to failing to name Hospitality Staffing anywhere in the Charge, Plaintiff fails to allege in the Charge that Hospitality Staffing played any role in the events underlying the allegations. Again, Plaintiff asserts in her Charge that

FORD & HARRISON LLP

Freeport's employee harassed her, and that she complained to Freeport about it. Plaintiff knew full well at the time she filed the Charge that Hospitality Staffing was **her employer**, yet she chose specifically not to allege any wrongdoing on the part of Hospitality Staffing. That fact alone makes it wholly unreasonable to believe that Hospitality Staffing should have anticipated that it later would be dragged into litigation. After all, the Charge contains absolutely no suggestion of misconduct on Hospitality Staffing's part. Thus, the Court should dismiss Counts I and II against Hospitality Staffing because Plaintiff failed to exhaust her Title VII administrative remedies with regard to Hospitality Staffing.

### III. HOSPITALITY STAFFING CANNOT BE LIABLE FOR NEGLIGENT RETENTION/ SUPERVISION OF WINSLOW AS A MATTER OF LAW.

The Court must dismiss Plaintiff's negligent retention/ supervision claim (Count V) against Hospitality Staffing because (a) a negligent retention/ supervision claim under these circumstances is barred by Arizona's workers' compensation scheme; and (b) even if such a claim were not barred, it would require an employer-employee relationship between Hospitality Staffing and Winslow that does not exist here.

#### a. Plaintiff's Claim for Negligent Supervision/Retention Is Barred by Arizona's Workers' Compensation Scheme.

Under Arizona's workers' compensation statute, "[t]he right to recover compensation pursuant to this chapter for injuries sustained by an employee . . . is the exclusive remedy against the employer or any co-employee acting in the scope of his employment." A.R.S. § 23-1022(A). Further, an employer "shall not be liable for damages at common law or by statute" for injuries to its employees. A.R.S. § 23-906(A).

FORD & HARRISON LLP

Thus, in the absence of an employee's pre-injury election to reject workers' compensation benefits, Arizona courts "have long stated that the superior court lacks 'jurisdiction' over work-related injury cases." *Bonner v. Minico, Inc.*, 159 Ariz. 246, 249 (1988).

A limited exception to the rule exists when injuries are caused by the employer's or coworker's "wilful misconduct, . . .and the act causing the injury . . . indicates a wilful disregard of the life, limb or bodily safety of employees." A.R.S. § 23-1022(A). Wilful misconduct is defined as "an act done knowingly and purposely with the direct object of injuring another." *Id.* In Arizona, wilful misconduct requires a "deliberate intent to inflict injury upon the employee" and may "not be inferred from gross negligence." *Allen v. Southwest Salt Co.*, 149 Ariz. 368, 371 (Ct. App. 1986).

Indeed, nothing short of deliberate intent to harm an employee can remove the bar against bringing civil actions alleging common law negligence claims against employers:

> Arizona courts are reluctant to find that employers have acted with wilful misconduct regarding even an employee's physical safety . . . . Generally, this means that the employer's liability cannot . . . be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury.
>
> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering employees to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, wilfully violating a safety statute, . . . or withholding information about worksite hazards, the conduct still falls short of the kind of actual intention to injure that robs the injury of accidental character.

FORD & HARRISON LLP

*Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1130 (D. Ariz. 2003) (citation omitted).

In *Irvin Investors, Inc. v. Superior Court*, the Arizona Court of Appeals rejected a plaintiff employee's negligent hiring, retention, and supervision claims in a case involving a coworker's sexual harassment of the plaintiff. 166 Ariz. 113, 116 (Ct. App. 1990). The court held that there was no cause of action because there was no "intentional misconduct on the part of the employer itself," and the coworker's sexual harassment of the plaintiff amounted to an "'unexpected injury-causing event' within the coverage of the compensation statute." *Id.* (quoting *Brock v. Industrial Comm'n*, 15 Ariz. App. 95, 96 (1971).

Similarly, in the instant case, even accepting that Hospitality Staffing were negligent or even grossly negligent in supervising or retaining Winslow in some way (which it was not), such negligence cannot overcome "the exclusivity provisions of Arizona's workers compensation statutes as precluding a state court cause of action for negligence against an employer." *Mosakowski*, 329 F. Supp. 2d at 1130. Thus, the Court must dismiss Plaintiff's negligent retention/supervision claim (Count V) against Hospitality Staffing.

### b. Plaintiff's Claim for Negligent Supervision/Retention Fails Also Because It Requires an Employer-Employee Relationship.

Plaintiff's negligent retention/supervision claim fails as to Hospitality Staffing because Winslow was not Hospitality Staffing's employee. Any duty to supervise or make decisions regarding Winslow's retention belonged to his employer, Freeport.

FORD & HARRISON LLP

In Arizona, an employer conducting its business "through servants or other agents" may be liable for injury if negligent:

> (a) in giving improper or ambiguous orders of [sic] in failing to make proper regulations; or
>
> (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others: [sic]
>
> (c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Kassman v. Busfield Enters.*, 131 Ariz. 163, 166 (Ct. App. 1981) (quoting Restatement (Second) of Agency, § 213).

Winslow was neither Hospitality Staffing's employee nor agent, and, therefore Hospitality Staffing had no duty to supervise him and, in fact, no control over his retention as an employee. Not surprisingly, Plaintiff alleges in Count V that only Freeport "had a duty to protect [Plaintiff] from Winslow." (Complaint ¶ 84.) Thus, Plaintiff's negligent retention/supervision claim in Count V fails for this reason as well.

## IV.   PLAINTIFF'S BATTERY CLAIM FAILS AS A MATTER OF LAW.

In Count IV, Plaintiff alleges that Hospitality Staffing is vicariously liable for battery committed by Winslow against Plaintiff. (Complaint ¶ 77.) However, Hospitality Staffing cannot be vicariously liable for the actions of Winslow because Winslow was not Hospitality Staffing's employee or agent. Hospitality Staffing did not have the control over Winslow's duties necessary to create such vicarious liability.

FORD & HARRISON LLP

In Arizona, vicarious liability "rests upon the employment of the servant by the master and the master's right to exercise direction and control over his work in the conduct of his business." *McDaniel v. Troy Design Servs. Co.*, 186 Ariz. 552, 554 (Ct. App. 1996) (citation omitted). In *McDaniel*, the Court of Appeals determined that a general employer was not vicariously liable for its employee's tort once it lent that employee to a special employer, who had assumed control and supervision of the employee. *Id.* at 555. The general employer's continued administrative control over such items as the employee's payroll and its right to terminate the employee were not enough to justify the imposition of vicarious liability. *Id.* at 556.

In the instant case, unlike in *McDaniel*, Hospitality Staffing never had **any** control over Winslow's duties whatsoever because he was never its employee. Arizona law is clear that "[t]he key word is 'control', [sic] which relates to the right of control over the performance of the work to the extent of prescribing the manner in which it is to be executed." *Williams v. Wise*, 106 Ariz. 335, 338 (1970). Thus, Count IV must be dismissed because Hospitality Staffing cannot be liable vicariously for the acts of an individual who was not remotely within its control as its employee or agent.

### V. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM FAILS AS A MATTER OF LAW.

Count III, in which Plaintiff alleges intentional infliction of emotional distress, also must fail as to Hospitality Staffing. In Arizona, a plaintiff alleging intentional infliction of emotional distress must show that "(1) the conduct by defendant was extreme and outrageous; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct; and (3)

FORD & HARRISON LLP

severe emotional distress actually resulted from the defendant's conduct." *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004). The defendant must have engaged in intentional conduct that was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as **atrocious, and utterly intolerable** in a civilized community." *Continental Life & Accident Company v. Songer*, 124 Ariz. 294, 304 (Ct. App. 1979) (emphasis added).

Arizona courts take an extremely skeptical view of emotional distress claims that arise in the employment context and recognize that conduct that creates a hostile work environment occurs "at a much lower threshold of inappropriate conduct than the threshold required for the tort of intentional infliction of emotional distress." *Stingley v. Arizona*, 796 F. Supp. 424, 431 (D. Ariz. 1992). Mere termination of employment, even if motivated by bad cause or executed in a humiliating manner, does not suffice. *See, e.g., Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 199 (App. 1994). Indeed, even harassment and discrimination claims generally do not state a valid emotional distress claim. *See, e.g., Guy v. City of Phoenix*, 668 F. Supp. 1342, 1352 (D. Ariz. 1987).

Here, Plaintiff's allegations fall short of the "outrageous" or "atrocious" conduct required to meet this exceptional standard. Plaintiff has alleged sexual harassment both in the form of quid pro quo harassment and a hostile work environment. However, she has not alleged conduct that "goes beyond all possible bounds of decency." Therefore, the Court must dismiss Count III as to Hospitality Staffing.

FORD & HARRISON LLP

## VI. CONCLUSION

WHEREFORE, Hospitality Staffing respectfully requests that the Court dismiss all Counts in the Complaint as to Hospitality Staffing for failure to state a claim upon which relief could be granted. Further, Plaintiff would not be able to cure any deficiencies though amendment, and, therefore, dismissal with prejudice is appropriate.

RESPECTFULLY SUBMITTED this 29th day of November, 2011.

FORD & HARRISON LLP

By /s/ Dinita L. James
   Dinita L. James
   Christopher M. McFadden
   Attorneys for Defendant Harris
   Enterprises, LLC

FORD & HARRISON LLP

FORD & HARRISON LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and additionally furnished a copy of the same by United States First Class Mail Delivery upon the following:

Michael J. Raymond
Raymond, Greer & Sassaman, P.C.
3636 North Central Avenue, Suite 1070.
Phoenix, AZ 85012-1940
Attorneys for Plaintiff

Ronald J. Stolkin
Fennemore Craig
3003 N. Central Avenue, Suite 2600
Phoenix, AZ 85012
Attorneys for Defendant
Freeport-McMoRan Cooper & Gold Inc.

/s/ Cecilia Acosta

Phoenix:20712.1

EXHIBIT A

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| FREEPORT-MCMORAN COPPER AND GOLD<br>333 North Central Avenue<br>Phoenix, AZ 85004<br><br>RECEIVED<br><br>R.M.G. - LEGAL<br>FREEPORT-McMORAN | **PERSON FILING CHARGE**<br><br>Laura J. Suico<br><br>THIS PERSON (check one or both)<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s)<br><br>**EEOC CHARGE NO.**<br>540-2010-03513 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   ☐ The Equal Pay Act (EPA)   ☐ The Americans with Disabilities Act (ADA)

☐ The Age Discrimination in Employment Act (ADEA)   ☐ The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **20-DEC-10** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☐ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to

If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Gail D. Styles,
Office Automation Asst
EEOC Representative
Telephone (602) 640-5058

Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012
FAX (602) 640-5071

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ Race   ☐ Color   [X] Sex   ☐ Religion   ☐ National Origin   ☐ Age   ☐ Disability   ☐ Retaliation   ☐ Genetic Information   ☐ Other

**ISSUES:** Constructive Discharge, Sexual Harassment
**DATE(S)** (on or about): EARLIEST: 06-14-2010   LATEST: 06-14-2010

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| November 2, 2010 | Rayford O. Irvin,<br>District Director | Rayford O. Irvin |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2010-03513 |

__Arizona Attorney General's Office, Civil Rights Division__ and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Laura J. Suico | (480) 406-1665 | 07-18-1973 |

Street Address: 2516 East Hermosa Drive, Tempe, AZ 85282

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FREEPORT-MCMORAN COPPER AND GOLD | 500 or More | (602) 366-7785 |

Street Address: 333 North Central Avenue, Phoenix, AZ 85004

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest – Latest: 06-17-2010

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Personal Harm:

From about October 2009, I was subjected to sexual harassment by Executive Chef Robert Winslow.

I reported the misconduct to the employer, however, I was told to "man-up and take your licks." As a result, and in fear of losing my job, I felt compelled to provide Winslow with sexual favors.

Due to the hostile work environment created by these circumstances, I resigned my position as Waitress on or about June 17, 2010.

I believe I have been discriminated against because of my gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 07, 2010    *Laura J Suico*
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)