**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Suico, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Freeport-McMoran Copper & Gold Inc., a Delaware corporation; Harris Enterprises, L.L.C., d/b/a Hospitality Staffing Solutions, an Arizona limited liability corporation; Robert Winslow and Jane Doe Winslow, husband and wife; ABC Corporations I-X,<br><br>Defendants. | No. CV11-2269-PHX-DGC<br><br>**ORDER** |

Plaintiff Laura Suico brought suit against Freeport-McMoran Copper & Gold Inc. ("Freeport"), Robert Winslow ("Winslow"), and Harris Enterprises ("Harris"). Harris moves to dismiss all counts alleged in the complaint (Doc. 1-1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed. Docs. 8, 16, 18. The Court will grant in part and deny in part Harris's motion to dismiss.[1]

**I.    Background.**

Plaintiff alleged the following facts in her complaint, which are assumed true for purposes of this motion. In October 2009, Plaintiff was hired by Harris, an employment agency. Doc. 1-1 at 3. As part of her employment with Harris, she worked for Freeport

---

[1] Plaintiff's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b).

as Winslow's assistant. *Id.* Winslow was an executive chef and manager of dining services for Freeport and had the ability to hire, fire, promote, demote, and discipline Plaintiff. *Id.* ¶ 15. Throughout Plaintiff's employment with Freeport, Winslow subjected Plaintiff to: (1) vulgar and sexually suggestive notes and messages; (2) crude, lewd, and sexually suggestive remarks; (3) demands for sexual favors in exchange for pay and other benefits; (4) threats of physical harm and adverse employment-related consequences; (5) groping, fondling, and sexual intercourse; and (6) repeated comments that were sexually suggestive and offensive. Doc. 1-1 at 3. Plaintiff reported Winslow's conduct to her supervisor at Harris, Scott Maples, and was told to "man up" and "take your licks." Doc. 1-1 at 4. Plaintiff felt trapped in an abusive and hostile work environment. *Id.* In June 2009, Plaintiff was constructively discharged from her employment. *Id.*

On October 7, 2010, Plaintiff's attorney filed a charge of discrimination against Freeport with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1-1 at 5. On June 24, 2011, the EEOC issued a Notice of Right to Sue with respect to her charge of discrimination. *Id.* On November 17, 2011, Plaintiff brought suit against Freeport, Winslow, and Harris alleging: (1) sexual harassment and abuse; (2) hostile work environment; (3) intentional infliction of emotional distress; (4) battery; and (5) negligent retention/supervision.

**II.  Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

      **A.   Counts 1 and 2: Title VII Claims Against Harris.**

Harris argues that Plaintiff failed to exhaust her Title VII administrative remedies by failing to name Harris in the charge she filed with the EEOC. In deciding a motion to dismiss for failure to exhaust nonjudcial remedies, a court may look beyond the pleadings to resolve disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). A court may also consider documents of which it takes judicial notice, including those that are matters of public record such as charges filed with the EEOC. *Gallo v. Board of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995). Thus, the Court will consider the EEOC charge and the documents and exhibits attached to Plaintiff's response for the purposes of deciding this motion.

To pursue discrimination claims under Title VII, a plaintiff must first file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Filing such a charge prior to initiating a lawsuit is central to Title VII's statutory scheme because it provides the EEOC with an opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliation. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81 (1989); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Thus, as a general rule, claimants purporting to state causes of action under

Title VII must sue only those named in the EEOC charge. 42 U.S.C. § 2000e-5(f)(1); *see also Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

The Ninth Circuit has identified three exceptions that may apply when a lawsuit is brought against a party not named in the EEOC charge:

> First, if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are "substantially identical parties," suit may proceed against the unnamed party. Second, suit may proceed if the EEOC could have inferred that the unnamed party violated Title VII. Third, if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, then suit may proceed against the unnamed party.

*Sosa*, 920 F.2d at 1459.

The Court concludes that each of these exceptions is satisfied. First, Winslow appears to have acted as an agent for Harris. Plaintiff was Harris's employee, but Winslow had authority to promote, fire, and increase the pay of Plaintiff. Doc. 1-1 at 3. Winslow thus appears to have been authorized to act on behalf of Harris when it came to critical employment decisions concerning Plaintiff. Second, the EEOC was on notice of Harris's involvement through letters and other communications from counsel (Doc. 16-1), and thus had reason to investigate Harris's involvement and could have inferred that Harris violated Title VII. Third, Harris apparently was well aware of the EEOC charge because it hired the same counsel as Freeport and participated in the investigation.

The Court will deny Harris's motion to dismiss claims 1-2.

**B.     Count III: Intentional Infliction of Emotional Distress.**

A plaintiff alleging intentional infliction of emotional distress ("IIED") in Arizona must demonstrate three elements: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to cause emotional distress or "recklessly disregarded the near certainty" that his conduct would produce such distress; and (3) the defendant's conduct actually caused severe emotional distress. *Bodett v. Coxcom, Inc.*,

366 F.3d 736, 746 (9th Cir. 2004); *Ford v. Revlon*, 734 P.2d 580, 585 (1987). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (1980) (quoting Restatement (Second) of Torts, § 46 cmt. h (1977)).  This element is met when a defendant's conduct is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. App. 1995) (citations omitted). Dismissal of an IIED claim prior to summary judgment is proper only if the "plaintiff is not entitled to relief under any facts susceptible of proof under the claims stated." *Id.*

Plaintiff's complaint includes the following allegations with regard to IIED. Defendant Winslow was sexually harassing and abusing Plaintiff and creating a hostile work environment. Doc. 1-1 at 9. Plaintiff told Scott Maples of the abuse and of the hostile environment and asked for help. Doc. 1-1 at 4. Maples told Plaintiff to "man up" and "take your licks." *Id.* Plaintiff alleges that because both Harris and Freeport tolerated Winslow's persistent and pervasive misconduct, they acted in an extreme and outrageous manner. Doc. 1-1 at 9.

The Court cannot conclude that the "plaintiff is not entitled to relief under *any facts* susceptible of proof under the claims stated." *Mintz*, 905 P.2d at 563 (emphasis added). Knowing and callous disregard of severe sexual abuse, if shown by the evidence against Harris, may satisfy the standard for IIED in Arizona. Such a determination is better made at the summary judgment stage or at trial when the facts have been explored through discovery and included more fully in the briefing to the Court.

### C.     Count IV: Battery.

Plaintiff alleges that Winslow touched, fondled, and groped Plaintiff in a harmful and offensive way. Doc. 1-1 at 10. Plaintiff also alleges that both Harris and Freeport

knew or should have known about the abuse and should have stopped the abuse. *Id.* Plaintiff asserts that because of their conduct both Freeport and Harris are independently and vicariously liable for the damages Plaintiff sustained. *Id.* Harris states that it cannot be vicariously liable for the actions of Winslow because Winslow was not an employee or agent of Harris and Harris did not have control over Winslow's duties. Doc. 8 at 9-10.

As already noted, Winslow could be viewed as Harris's agent because he had the authority to hire, fire, and determine the pay of Plaintiff, who was Harris's employee. Thus, it is inappropriate to dismiss this claim at the pleading stage.

### D.     Count V: Negligent Retention/Supervision.

Harris moves to dismiss Count V of the Complaint. Plaintiff agrees. Doc. 16 at 11. Accordingly, the Court will dismiss Count V with respect to Harris.

**IT IS ORDERED** that Harris's motion to dismiss (Doc. 8) is granted in part and denied in part as set forth above.

Dated this 8th day of February, 2012.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge